IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

OSTON G. OSOTONU,

     Plaintiff,               No. CIV S-10-2964 DAD P

     vs.

C/O RINGLER, et al.,

     Defendants.         ORDER

_____/

     Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915. This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule 302 and 28 U.S.C. § 636(b)(1).

     Plaintiff has submitted an in forma pauperis application that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, plaintiff will be granted leave to proceed in forma pauperis.

     Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  See 28 U.S.C. §§ 1914(a) & 1915(b)(1).  An initial partial filing fee of $8.35 will be assessed by this order.  See 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's prison trust account and forward it to

1

1  the Clerk of the Court.  Thereafter, plaintiff will be obligated to make monthly payments of

2  twenty percent of the preceding month's income credited to plaintiff's prison trust account.

3  These payments will be collected and forwarded by the appropriate agency to the Clerk of the

4  Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in

5  full.  See 28 U.S.C. § 1915(b)(2).

6  **SCREENING REQUIREMENT**

7  The court is required to screen complaints brought by prisoners seeking relief

8  against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C.

9  § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

10  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

11  granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28

12  U.S.C. § 1915A(b)(1) & (2).

13  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

14  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

15  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

16  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

17  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

18  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

19  Cir. 1989); Franklin, 745 F.2d at 1227.

20  Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and

21  plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

22  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

23  Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47

24  (1957)).  However, in order to survive dismissal for failure to state a claim a complaint must

25  contain more than "a formulaic recitation of the elements of a cause of action;" it must contain

26  factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic,

2

1  550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the

2  allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

3  738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all

4  doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

5             The Civil Rights Act under which this action was filed provides as follows:

6             Every person who, under color of [state law] . . . subjects, or causes
             to be subjected, any citizen of the United States . . . to the
7             deprivation of any rights, privileges, or immunities secured by the
             Constitution . . . shall be liable to the party injured in an action at
8             law, suit in equity, or other proper proceeding for redress.

9  42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

10  actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

11  Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

12  (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

13  meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts or

14  omits to perform an act which he is legally required to do that causes the deprivation of which

15  complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

16             Moreover, supervisory personnel are generally not liable under § 1983 for the

17  actions of their employees under a theory of respondeat superior and, therefore, when a named

18  defendant holds a supervisorial position, the causal link between him and the claimed

19  constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862

20  (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory

21  allegations concerning the involvement of official personnel in civil rights violations are not

22  sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

23                              **PLAINTIFF'S COMPLAINT**

24             Plaintiff has named Correctional Officer Ringler, Correctional Officer Ruiz,

25  Correctional Officer Frangos, Lieutenant Scotland, Lieutenant Kyle, Lieutenant McLain,

26  Sergeant Clark, Captain Wamble, Captain Foston, S. Cervantes, the Warden, CSP-Solano Hiring

3

1   Authority, and N. Grannis as the defendants in this action.  In his complaint, plaintiff alleges that

2   defendants Ringler, Ruiz, and Clark have been harassing him with cell searches.  He also alleges

3   that those defendants y have thrown water on his cell floor and damaged his property, including

4   family pictures, bibles, and legal materials.  Plaintiff alleges that he has tried to resolve his

5   problems by speaking to these correctional officer's supervisors and using the inmate grievance

6   process, but that defendants McLain, Scotland, Wamble, Foston, the Warden, Solano Hiring

7   Authority, and N. Grannis have "rebuked" him in these efforts.  Moreover, since filing his

8   administrative grievances, plaintiff alleges that officers have retaliated against him for doing so.

9   Finally, plaintiff appears to allege that defendants Frangos and Scotland previously took his

10  property, and when they returned it to him his radio, televison, typewriter, and shoes were

11  missing.  In terms of relief, plaintiff requests monetary damages.  (Compl. at 5 & Attach.)

**DISCUSSION**

13          The allegations in plaintiff's complaint are so vague and conclusory that the court

14  is unable to determine whether the current action is frivolous or fails to state a claim for relief.

15  The complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).

16  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to

17  the defendants and must allege facts that support the elements of the claim plainly and succinctly.

18  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege

19  with at least some degree of particularity overt acts which defendants engaged in that support his

20  claims.  Id.  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P.

21  8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to file an

22  amended complaint.

23          In any amended complaint he elects to file, plaintiff must allege facts

24  demonstrating how the conditions complained of resulted in a deprivation of plaintiff's federal

25  constitutional or statutory rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Plaintiff

26  must also allege in specific terms how each named defendant was involved in the deprivation of

4

1    his rights.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link

2    or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423

3    U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588

4    F.2d 740, 743 (9th Cir. 1978).

5              If plaintiff elects to pursue this action by filing an amended complaint, he must

6    clarify what constitutional right he believes each defendant has violated and support each claim

7    with factual allegations about each defendant's actions.  To the extent that plaintiff wishes to

8    raise an Eighth Amendment claim against defendants Ringler, Ruiz, and Clark, he is advised that

9    the Eighth Amendment prohibits the infliction of "cruel and unusual punishments."  U.S. Const.

10   amend. VIII.  Malicious cell searches and "calculated harassment unrelated to prison needs" may

11   implicate the Eighth Amendment.  Hudson v. Palmer, 468 U.S. 517, 528-30 (1984).  However,

12   plaintiff's allegations in his original complaint are so vague that the court is unable to determine

13   whether the cell searches he complains of rise to the level of an Eighth Amendment violation.

14   Plaintiff is informed that "[i]t is obduracy and wantonness, not inadvertence or error in good

15   faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause."

16   Whitley v. Albers, 475 U.S. 312, 319 (1986).

17             In addition, in his original complaint, plaintiff appears to name defendants

18   McLain, Scotland, Wamble, Foston, the Warden, Solano Hiring Authority, and N. Grannis due to

19   their role as supervisors of other named defendants or due to their role in the prison's inmate

20   grievance process.  To the extent that plaintiff has named any of these defendants for their role as

21   a supervisor, he is advised that supervisory personnel are generally not liable under § 1983 for

22   the actions of their employees under a theory of respondeat superior.  To the extent that plaintiff

23   has named any of these defendants due to their role in the inmate grievance process, he is advised

24   that prison officials are not required under federal law to process inmate grievances in a specific

25   way or to respond to them in a favorable manner.  It is well established that "inmates lack a

26   separate constitutional entitlement to a specific prison grievance procedure."  Ramirez v. Galaza,

5

1  334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)).

2  See also, e.g., Wright v. Shannon, No. CIV F-05-1485 LJO YNP PC, 2010 WL 445203 at *5

3  (E.D. Cal. Feb. 2, 2010) (plaintiff's allegations that prison officials denied or ignored his inmate

4  appeals failed to state a cognizable claim under the First Amendment); Walker v. Vazquez, No.

5  CIV F-09-0931 YNP PC, 2009 WL 5088788 at *6-7 (E.D. Cal. Dec. 17, 2009) (plaintiff's

6  allegations that prison officials failed to timely process his inmate appeals failed to a state

7  cognizable under the Fourteenth Amendment); Towner v. Knowles, No. CIV S-08-2833 LKK

8  EFB P, 2009 WL 4281999 at *2 (E.D. Cal. Nov. 20, 2009) (plaintiff's allegations that prison

9  officials screened out his inmate appeals without any basis failed to indicate a deprivation of

10  federal rights); Williams v. Cate, No. F-09-0468 OWW YNP PC, 2009 WL 3789597 at *6 (E.D.

11  Cal. Nov. 10, 2009) ("Plaintiff has no protected liberty interest in the vindication of his

12  administrative claims.").

13          Next, with regard to his property claims against defendants Frangos and Scotland,

14  plaintiff is advised that the United States Supreme Court has held that "an unauthorized

15  intentional deprivation of property by a state employee does not constitute a violation of the

16  procedural requirements of the Due Process Clause of the Fourteenth Amendment if a

17  meaningful postdeprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517,

18  533 (1984). Thus, where the state provides a meaningful postdeprivation remedy, only

19  authorized, intentional deprivations constitute actionable violations of the Due Process Clause.

20  An authorized deprivation is one carried out pursuant to established state procedures, regulations,

21  or statutes. Piatt v. McDougall, 773 F.2d 1032, 1036 (9th Cir. 1985); see also Knudson v. City

22  of Ellensburg, 832 F.2d 1142, 1149 (9th Cir. 1987).

23          In his complaint, plaintiff has not alleged any facts suggesting that the taking of

24  his property was authorized. The California Legislature has provided a remedy for tort claims

25  against public officials in California Government Code, §§ 900, et seq. If plaintiff has not

26  attempted to seek redress in the state system, he will not be able to sue in federal court on the

1  claim that the state deprived him of property without due process of the law.

2          Finally, plaintiff alleges that several of the named defendants have retaliated

3  against him for filing inmate grievances.  It is well-established that both litigation in this court

4  and filing administrative grievances are protected activities, and it is impermissible for prison

5  officials to retaliate against prisoners for engaging in these activities.  See Rhodes v. Robinson,

6  408 F.3d 559, 568 (9th Cir. 2005).  However, not every allegedly adverse action is sufficient to

7  support a claim for retaliation.  See, e.g., Huskey v. City of San Jose, 204 F.3d 893, 899 (9th Cir.

8  2000) (retaliation claim cannot rest on the logical fallacy of *post hoc, ergo propter hoc*, i.e.,

9  "after this, therefore because of this.").  In any amended complaint, plaintiff must clarify who he

10  believes retaliated against him and must allege facts demonstrating how they did so.  As the

11  Ninth Circuit has explained:

12                  Within the prison context, a viable claim of First Amendment
                retaliation entails five basic elements: (1) An assertion that a state

13                  actor took some adverse action against an inmate (2) because of (3)
                that prisoner's protected conduct, and that such action (4) chilled

14                  the inmate's exercise of his First Amendment rights, and (5) the
                action did not reasonably advance a legitimate correctional goal.

15

16  Rhodes, 408 F.3d at 567-68.

17          Plaintiff is informed that the court cannot refer to a prior pleading in order to

18  make his amended complaint complete.  Local Rule 220 requires that an amended complaint be

19  complete in itself without reference to any prior pleading.  This is because, as a general rule, an

20  amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th

21  Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any

22  function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim

23  and the involvement of each defendant must be sufficiently alleged.

24  **OTHER MATTERS**

25          Also pending before the court is plaintiff's motion to rescind his consent to the

26  magistrate judge's jurisdiction.  Since this action has not yet been reassigned to the undersigned,

1   plaintiff may withdraw his consent without demonstrating good cause or extraordinary

2   circumstances.  See 28 U.S.C. § 636(c); Dixon v. Ylst, 990 F.2d 478, 480 (9th Cir. 1993) ("Once

3   a civil case is referred to a magistrate judge under section 636(c), the reference can be withdrawn

4   by the court only 'for good cause shown on its own motion, or under extraordinary circumstances

5   show by any party.'").  Accordingly, in the interest of justice, the court will grant plaintiff's

6   motion to rescind his consent and direct the Clerk of the Court to randomly assign a United

7   States District Judge to this action.

8                                              **CONCLUSION**

9                  Accordingly, IT IS HEREBY ORDERED that:

10                       1.  Plaintiff's application to proceed in forma pauperis (Doc. No. 2) is granted.

11                       2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

12   Plaintiff is assessed an initial partial filing fee of $8.35.  All fees shall be collected and paid in

13   accordance with this court's order to the Director of the California Department of Corrections

14   and Rehabilitation filed concurrently herewith.

15                       3.  Plaintiff's complaint is dismissed.

16                       4.  Plaintiff is granted thirty days from the date of service of this order to file an

17   amended complaint that complies with the requirements of the Civil Rights Act, the Federal

18   Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the

19   docket number assigned to this case and must be labeled "Amended Complaint"; failure to file an

20   amended complaint in accordance with this order will result in a recommendation that this action

21   be dismissed without prejudice.

22                       5.  The Clerk of the Court is directed to send plaintiff the court's form for filing a

23   civil rights action.

24                       6.  Plaintiff's November 16, 2010 motion to rescind his consent to the jurisdiction

25   of the magistrate judge (Doc. No. 5) is granted.

26   /////

1    7.  The Clerk of the Court is directed to randomly assign a United States District

2  Judge to this action.

3  DATED: March 17, 2011.

4

5  _____

DALE A. DROZD

6  UNITED STATES MAGISTRATE JUDGE

7  DAD:9
  osot2964.14

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26