1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10    OSTON G. OSOTONU,

11            Plaintiff,              No. 2:10-cv-2964 MCE DAD P

12        vs.

13    C/O RINGLER et al.,             ORDER AND

14            Defendants.             FINDINGS AND RECOMMENDATIONS

15    _____/

16            Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action

17    filed pursuant to 42 U.S.C. § 1983.  Pending before the court is plaintiff's second amended

18    complaint.[1]

19                         **SCREENING REQUIREMENT**

20            The court is required to screen complaints brought by prisoners seeking relief

21    against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C.

22    § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

23    claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

24    _____

25        [1] Plaintiff has also filed a motion for an extension of time to file his second amended
complaint.  Under the mailbox rule, plaintiff timely filed his second amended complaint.
26    Accordingly, the court will deny his motion for an extension of time to do so as unnecessary.

1

1  granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28

2  U.S.C. § 1915A(b)(1) & (2).

3         A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

4  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

5  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

6  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

7  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

8  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

9  Cir. 1989); Franklin, 745 F.2d at 1227.

10         Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and

11  plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

12  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

13  Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47

14  (1957)).  However, in order to survive dismissal for failure to state a claim a complaint must

15  contain more than "a formulaic recitation of the elements of a cause of action;" it must contain

16  factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic,

17  550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the

18  allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

19  738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all

20  doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

21         The Civil Rights Act under which this action was filed provides as follows:

22      Every person who, under color of [state law] . . . subjects, or causes
    to be subjected, any citizen of the United States . . . to the

23      deprivation of any rights, privileges, or immunities secured by the
    Constitution . . . shall be liable to the party injured in an action at

24      law, suit in equity, or other proper proceeding for redress.

25  42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

26  actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

1   Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

2   (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

3   meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or

4   omits to perform an act which he is legally required to do that causes the deprivation of which

5   complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

6         Moreover, supervisory personnel are generally not liable under § 1983 for the

7   actions of their employees under a theory of respondeat superior and, therefore, when a named

8   defendant holds a supervisorial position, the causal link between him and the claimed

9   constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862

10   (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory

11   allegations concerning the involvement of official personnel in civil rights violations are not

12   sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

13 **PLAINTIFF'S SECOND AMENDED COMPLAINT**

14         In his second amended complaint, plaintiff identifies Officer Ringler and Officer

15   Ruiz as the defendants in this action.  Therein plaintiff alleges as follows.  Plaintiff arrived at the

16   prison program office in preparation to be transferred to Facility I, Level III.  Defendant Ringler,

17   Lieutenant Scotland, and Officer Frangos searched plaintiff's property and forced plaintiff to wait

18   outside of the program office for more than an hour.  Upon receiving his property back, plaintiff

19   noticed that his appliances were missing.  He asked defendants Ringler and Ruiz where his

20   appliances were, and they responded that they needed to take them to Receiving and Release to

21   check the property card for ownership.  Plaintiff claims that the defendants failed to follow

22   correctional procedures and through their actions have denied him his right to property without

23   due process of law in violation of the Fourteenth Amendment.  (Sec. Am. Compl. at 1-3.)

24 **DISCUSSION**

25         The court will recommend that plaintiff's second amended complaint be

26   dismissed for failure to state a claim.  See 28 U.S.C. 1915(e)(2)(B)(ii) ("the court shall dismiss

3

1   the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim

2   on which relief may be granted"); Neitzke, 490 U.S. at 327-28 (in forma pauperis statute accords

3   judges the authority to dismiss those claims whose factual contentions are clearly baseless, such

4   as those "describing fantastic or delusional scenarios"); see also Reddy v. Litton Indus., Inc., 912

5   F.2d 291, 296 (9th Cir. 1990) ("It is not an abuse of discretion to deny leave to amend when any

6   proposed amendment would be futile.").

7          As the court previously advised plaintiff, the United States Supreme Court has

8   held that "an unauthorized intentional deprivation of property by a state employee does not

9   constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth

10  Amendment if a meaningful postdeprivation remedy for the loss is available." Hudson v.

11  Palmer, 468 U.S. 517, 533 (1984). Cf. Daniels v. Williams, 474 U.S. 327 (1986) (a prisoner

12  alleging lack of due care by state officials failed to state a due process claim because negligence

13  does not "deprive" an individual of life, liberty, or property). Thus, where the state provides a

14  meaningful postdeprivation remedy, only authorized, intentional deprivations constitute

15  actionable violations of the Due Process Clause. An authorized deprivation is one carried out

16  pursuant to established state procedures, regulations, or statutes. Piatt v. McDougall, 773 F.2d

17  1032, 1036 (9th Cir. 1985); see also Knudson v. City of Ellensburg, 832 F.2d 1142, 1149 (9th

18  Cir. 1987).

19         In his second amended complaint, plaintiff has not alleged any facts suggesting

20  that the taking of his property by the named defendants was authorized. Therefore, he has failed

21  to state a cognizable Due Process claim. Plaintiff has previously been granted leave to file an

22  amended and a second amended complaint. The granting of further leave to amend would be

23  futile under these circumstances. Reddy v. Litton Indus., Inc., 912 F.2d 291, 296 (9th Cir. 1990)

24  ("It is not an abuse of discretion to deny leave to amend when any proposed amendment would

25  be futile.")

26  /////

4

**CONCLUSION**

IT IS HEREBY ORDERED that plaintiff's motion for an extension of time (Doc. No. 18) is denied as unnecessary.

IT IS HEREBY RECOMMENDED that:

1.  This action be dismissed for failure to state a claim; and

2.  This action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 21, 2012.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
osot2964.56

5